IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CASE NO. 2:11-po-124-MEF |
| ) | [WO – Do Not Publish] |
| WILLIAM ASHURST ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant William Ashurst ("Ashurst") appeals *pro se* his misdemeanor petty offense conviction of taking migratory birds by aid of bait in violation of the Migratory Bird Treaty Act, 16 U.S.C. § 704(b)(1); *see also* Fed. R. Crim. P. 58(g)(2)(B). Ashurst was fined $275.00. Ashurst's claims on appeal are grouped under the following two headings: (1) that he was deprived of due process in his trial before United States Magistrate Judge Terry F. Moorer; and (2) that the Government failed to prove Ashurst's guilt beyond a reasonable doubt. Ashurst's conviction is due to be **AFFIRMED**.

**I. STANDARD OF REVIEW**

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. "The defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

Challenges to the sufficiency of the evidence are reviewed *de novo*, and the Court considers the evidence "in the light most favorable to the government, with all inferences and

credibility choices drawn in the government's favor." *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009). The conviction should not be reversed unless the Court finds that no reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt. *United States v. Fattaleh*, 746 F. Supp. 599, 601 (D. Md. 1990).

## II.  DISCUSSION

A.  **Right to Retain Counsel**

Ashurst asserts that he was not advised of his right to retain counsel. (Doc. # 8, at 1.) First, although Mr. Ashurst couches his claim as a due process violation, it is more closely related to the Sixth Amendment's guarantee of the right to counsel. Although the Sixth Amendment protects the actual right to retain counsel, the right to be informed of that right is merely prophylactic.

When Court opened on July 12, 2011, the Magistrate Judge informed all defendants of the procedure for the day's petty offense docket. The Magistrate Judge stated that he was going to call a roll and ask each defendant how they pleaded to whatever charge or citation was issued to them. If a defendant pleaded not guilty, he or she was to return to the gallery. Once all of the guilty pleas were adjudicated and fines paid, the Magistrate Judge would hear the defendant's case.

The Magistrate Judge also informed all defendants that, if they were adjudicated guilty, the only punishment would be a fine. On account of that, the Magistrate Judge stated:

"[Y]ou're not entitled to have an attorney represent you." (Tr. of Initial Appearance 3 (Doc. # 10)); *see also Argersinger v. Hamlin*, 407 U.S. 25, 33 (1972) (holding that defense counsel must be appointed to any indigent defendant in any criminal prosecution "that actually leads to imprisonment even for a brief period."); *Scott v. Illinois*, 440 U.S. 367, 373-74 (1979).

Mr. Ashurst argues that the Magistrate Judge's statement led him "to believe he had no right to [retain] counsel[.]" (Appellant's Reply Br. ¶ 1 (Doc. # 8).) Mr. Ashurst's mistaken belief could have been allayed in one of two ways.

First, Rule 58 of the Federal Rules of Criminal Procedure, which governs the procedure for petty offenses and other misdemeanors, provides: "At the defendant's initial appearance on a petty offense or other misdemeanor charge, the magistrate judge must inform the defendant of the . . . right to retain counsel." Fed. R. Crim. P. 58(b)(2)(B). In *United States v. De Graaff*, the Third Circuit described this as "a mandatory obligation." 242 F. App'x 828, 830 (3d Cir. 2007).

Second, the Magistrate Judge's statement concerning counsel, reproduced above, could have been broadcast with a greater degree of clarity. The phrasing of the pronouncement, interpreted literally, could have led a reasonable *pro se* defendant, such as Mr. Ashurst, to the conclusion he ultimately reached: that he was not entitled to counsel of any kind, appointed or retained. Of course, it goes without saying that the Magistrate Judge meant something other than what he said. One of the shortcomings of the spoken word is that it sometimes deviates from the speaker's intended meaning.

At the same time, however, courts must be careful not to make assumptions regarding the level of knowledge a *pro se* criminal defendant holds regarding his rights.  *See, e.g., Faretta v. California*, 422 U.S. 806, 835 (1975) (holding that a criminal defendant's choice to represent himself or herself *pro se* in any case where the Sixth Amendment right to appointed counsel attaches must be made clearly and unequivocally); *Gill v. Mecusker*, 633 F.3d 1272, 1293 (11th Cir. 2011).  This is one reason for the existence of Rule 58(b): to provide a written script regarding the things of which a criminal defendant must be apprised at the initial appearance.  Although it may be obvious to an attorney that a person has a constitutional right to *retained* counsel, that may not be obvious to a *pro se* non-attorney defendant, especially when faced with a judge's seemingly contrary statement from the bench.

Having concluded that the Magistrate Judge erred in not advising Ashurst of his right to retain counsel, "the government has the burden of establishing that the error was harmless."  *United States v. Sweat*, 555 F.3d 1364, 1367 (11th Cir. 2009) (citing *United States v. Robison*, 505 F.3d 1208, 1222 (11th Cir. 2007)).  For non-constitutional errors, the government's burden is to show that "the error did not affect the verdict or had but a very slight effect[.]"  *Id.* (quoting *United States v. Hornaday*, 392 F.3d 1306, 1315 (11th Cir. 2004)).  The Government's brief, however, only argues the sufficiency of the evidence, and does not even address Mr. Ashurst's claim regarding being informed of his right to retain

counsel. Nevertheless, the Court construes the Government's sufficiency-of-the-evidence argument as constituting harmless error argument.

Assuming that Ashurst was properly advised of his right to retain counsel, and that he actually exercised that right, the error was harmless because the evidence of Ashurst's guilt was more than sufficient. First, there was sufficient evidence to establish that the pond at which Ashurst hunted was, in fact, illegally baited. Second, and more importantly, there was sufficient evidence introduced at trial that Ashurst should have known that the pond was illegally baited. Under the law, a hunter must "make a reasonable inspection of the area to be hunted[.]" *See United States v. Lee*, 217 F.3d 284, 289 (5th Cir. 2000) (citing cases). At the trial, Mr. Ashurst, in his sworn statement, conceded that he "was not looking for [any bait], because [he] didn't think anything about it." (Trial Tr. 22 (Doc. # 9).) This admission, combined with the fact that the pond was, in fact, baited, is sufficient to establish harmless error. In other words, the failure to advise Ashurst of his right to retain counsel did not affect the verdict. Retained counsel would not have helped Mr. Ashurst in light of the strong evidence against him.

### B. Time to Prepare Defense

Ashurst also claims that he was not allowed sufficient time to prepare a defense. The record reflects that Mr. Ashurst's initial appearance hearing concluded at 10:24 a.m. His trial commenced at 10:39 a.m. However, at the initial appearance, the Magistrate Judge stated that, should any defendant decide to opt for a trial, he or she would be given sufficient time

to secure the presence of necessary witnesses. (Initial Appearance Tr. 2-3.) Mr. Ashurst did not raise the issue of needing time to prepare his defense before the Magistrate Judge. Accordingly, this claim is waived on appeal.

C.   **Sufficiency of the Evidence**

For the reasons stated above, the Court also concludes that the evidence, construed in the light most favorable to the Government, is more than sufficient to support Ashurst's conviction. In short, a reasonable trier of fact could have concluded that the pond was baited, and that Mr. Ashurst failed to make a reasonable inspection to determine whether it was baited. Ashurst's sufficiency-of-the-evidence claim is due to be rejected.

**AFFIRMED**.

DONE this 18th day of April, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE